Shauck, J.
We are not favored with the view which conducted the judges of the circuit court to the conclusion that the case could not be brought to that court by an appeal from the judgment of the court of common pleas. Whether it could or not must be determined by the provisions of Section 5226, Revised Statutes. Under favor of that section such appeals may be taken in all civil actions within the original jurisdiction of the court of'common pleas when the right to demand a jury does not exist. It has long been familiar to counsel that the civil action of the code includes all such proceedings as prior to its enactment were regarded *126 either as actions at law or suits in equity, and rights of action since authorized by statute unless the authorizing statute itself defines a mode of enforcing the right at variance from the procedure prescribed by the code. This action involved the rights of the creditors of the insolvent corporations which the receivers represented, and no reason is suggested for doubting that it is embraced within the phrase civil action. Not only was it within the original jurisdiction of the court of common pleas, but it was within its exclusive original jurisdiction.
But counsel for the defendant insists that it was an action at law) and that, therefore, either party had a right to demand a jury for the trial of the issues of fact which were joined in the pleadings, and that for that reason the action was not appeal-able. As we have had frequent occasion to point out, the appealability of an action cannot be determined by considering whether the principles upon which it proceeds are legal or equitable in their origin and nature. While it is true that all cases which were triable to a jury before the adoption of the present constitution are still so triable, the converse is not universally true. The general assembly has by the provisions of Section 5130, Revised Statutes, extended the right of trial by jury to issues of fact arising in actions for the recovery of money only, even though the action may be founded upon principles which are of equitable origin and nature.
While it is true that the demand which the plaintiff in error asserted in the court of common pleas would have been satisfied by the payment in money of the amount of his claim, he did not in the sense of the statute prosecute an action for the recovery of money only. Such actions, when prosecuted sue *127 cessfully, lead to a precise determination of an amount due from one party to the other. For that precise and definite amount a judgment is awarded. The judgment is enforced by the seizure upon execution of the property of the judgment debtor. The original petition of the plaintiff in the present case contained no allegation against the Savings Bank Company, which was alleged to be the debtor. Indeed, that company was not even joined as a defendant in the action. The prayer of the petition was not for a judgment, but for an order requiring the original defendant to allow the demand set up in the petition, the same to be paid in due course of the administration of the trust estate in his hands as receiver. The plaintiff upon the facts alleged was not entitled to a judgment for money in the legal sense of that phrase, for while the amount of his claim could be definitely determined, the amount which he should receive from the defendant receiver could not be, since that amount would depend upon the contingencies to arise in the course of the administration of the estate in his hands. With respect to its appealability, the case does not seem to differ from an action against the assignee of an insolvent debtor, or from any other suit for the right to participate in the distribution of a trust estate. In the view taken in the Willson Improvement Company v. Malone et al., 78 Ohio St., 232, it must be conceded that this case was not appealable because of the numerous items of the accounts set out in the claim of the plaintiff, but it is appealable because of the nature of the relief sought.

Judgment reversed.

Crew, C. J., Davis and Price, JJ., concur. Spear, J., dissents.